```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Thomas Hennessy, Betty Hennessy, John
Haslbauer, Barbara Haslbauer, Nicholas
Garolfalo, Rosemary Garofalo, Dwayne
Wood, Marie Magnus, Donna Fischer,
Lee Fischer, Summer Fischer, Timothy
Fischer, Louis Prevet, Marion Prevet,
Daniel Agostinelli, Harriet Agostinelli,
Richard Calderale, Linda Calderale,
Richard Calderale, Christine Calderale,
Jason Buske, Laurin Buske, Jim Carney,
Regina Carney, Judith Leonard, Mark
Arocho, Michelle Arocho, Don Moy, Lillian
Moy, Thomas Geist, Joy Guest, Pasquale
Aiello, Mary Aiello, James Vallar,
Jennie Vallar, Michael Peck, Salvatore
Messana, Concetta Messana, Michael Smar,
Patricia Smar, and John and Jane Does "1-100",

                    Plaintiffs,            MEMORANDUM & ORDER
                                           09-CV-2170 (JS)(ARL)
          -against-

Peter J. Dawson, BMG Advisory Services, Ltd.,
Brash Management Group, Ltd., Ethan Thomas
Co., Inc., Taxx Plus Services, Ltd., Lisa
Dawson, Bruce Baker, Gary Winslow, 21st
Century Financial Services, Inc., FFP
Securities, Inc., Invest Financial Corporation,
Charles Mazzioti, Granite Securities, LLC,
PHH Mortgage Corporation, First National
Bank of Long Island, Countrywide Home Loans,
Inc., Homecomings Financial, LLC, Washington
Mutual, Inc., Federal Deposit Insurance
Corporation (as receiver for IndyMac Bank
F.S.B.), Custom Capital Corporation,
Oasis Mortgage, Inc., Nationwide Life
Insurance Company, American Skandia Life
Assurance Company, First Allmerica Financial
Life Insurance Company, AXA Equitable Life
Insurance Company, and XYZ Corp. ("1-10"),

                    Defendants.
----------------------------------------X
```

```
APPEARANCES:
For Plaintiffs:        Jacob H. Zamansky, Esq.
                       Zamansky & Associates LLC
                       50 Broadway, 32nd Floor
                       New York, NY 10004

                       Edward H. Glenn, Jr., Esq.
                       Zamansky & Associates
                       50 Broadway, 32nd Floor
                       New York, NY 10004

For Defendants:        Peter J. Tomao, Esq.
                       Law Office of Peter J. Tomao
                       226 Seventh Street, Suite 302
                       Garden City, NY 11530

                       Gray Winslow, pro se
                       315 West 74th Street, Apt. A
                       New York, NY 10023

                       Ira F. Seplow, Esq.
                       Trainor & Seplow, P.C.
                       225 Beach 116th Street
                       Rockaway Park, NY 11694

                       Barry R. Temkin, Esq.
                       Mound Cotton Wollan & Greengrass
                       1 Battery Park Plaza
                       New York, NY 10004

                       Damian Laugher, Esq.
                       Winget Spadafora & Schwartzberg
                       45 Broadway
                       New York, NY 10006

                       Clifford S. Robert, Esq.
                       Robert & Robert, LLP
                       150 Broadhollow Rd, #314
                       Melville, NY 11747

                       Candace Reid Gladston, Esq.
                       Certilman, Balin, Adler & Hyman, L.L.P.
                       90 Merrick Avenue
                       East Meadow, NY 11554
```

Patrick McCormick, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554

Arthur C. Schupbach, Esq.
Schupbach, Williams & Pavone, LLP
1010 Franklin Ave, Suite 300
Garden City, NY 11530

Steven S. Rand, Esq.
Zeichner Ellman & Krause, LLP
575 Lexington Avenue
New York, NY 10022

Douglas J. Bohn, Esq.
Cullen and Dykman, LLP
100 Quentin Roosevelt Blvd.
Garden City, NY 11530

Andrew Brooks Messite, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Casey D. Laffey, Esq.
ReedSmith LLP
599 Lexington Avenue
New York, NY 10022

Scott E. Kossove, Esq.
L'Abbate, Balkan, Colavita & Contin
1001 Franklin Avenue
Garden City, NY 11530

Michael D. Solomon, Esq.
Law Offices of Michael D. Solomon
2950 Hempstead Turnpike
Levittown, NY 11756

Andrew O. Bunn, Esq.
McCarter & English, LLP
245 Park Avenue, 27th Floor
New York, NY 10167

Patrick Collins, Esq.
Farrell Fritz, P.C.
1320 Reckson Plaza
Uniondale, NY 11556

Matthew B. West, Esq.
Wollmuth Maher & Deutsch LLP
500 5th Avenue, 12th Floor
New York, NY 10110

SEYBERT, District Judge

Plaintiffs Thomas Hennessy, Betty Hennessy, John Haslbauer, Barbara Haslbauer, Nicholas Garofalo, Rosemary Garofalo, Dwayne Wood, Marie Magnus, Donna Fischer, Lee Fischer, Summer Fischer, Timothy Fischer, Louis Prevet, Marion Prevet, Daniel Agostinelli, Harriet Agostinelli, Richard Calderale, Linda Calderale, Richard Calderale, Christine Calderale, Jason Buske, Laurin Buske, Jim Carney, Regina Carney, Judith Leonard, Mark Arocho, Michelle Arocho, Don Moy, Lillian Moy, Thomas Geist, Joy Guest, Pasquale Aiello, Mary Aiello, James Vallar, Jennie Vallar, Michael Peck, Salvatore Messana, Concetta Messana, Michael Smar, Patricia Smar, and John and Jane Does "1-100", ("Plaintiffs") commenced this action against Defendants Peter J. Dawson, BMG Advisory Services, Ltd., Brash Management Group, Ltd., Ethan Thomas Co., Inc., Taxx Plus Services, Ltd., Lisa Dawson, Bruce Baker, Gary Winslow, 21st Century Financial Services, Inc., FFP Securities, Inc., Invest Financial Corporation, Charles Mazzioti, Granite Securities, LLC, PHH Mortgage Corporation, First National Bank of

Long Island, Countrywide Home Loans, Inc., Homecomings Financial, LLC, Washington Mutual, Inc., Federal Deposit Insurance Corporation (as receiver for IndyMac Bank F.S.B.), Custom Capital Corporation, Oasis Mortgage, Inc., Nationwide Life Insurance Company, American Skandia Life Assurance Company, First Allmerica Financial Life Insurance Company, AXA Equitable Life Insurance Company, and XYZ Corp. ("1-10") in the Supreme Court of the State of New York, County of Nassau, on or about November 21, 2006. Plaintiffs allege numerous state causes of action against a number of Defendant broker-dealers, mortgage brokers, lenders, and insurance companies for their alleged participation in a scheme to defraud the Plaintiffs, orchestrated by Defendant Peter J. Dawson ("Dawson").

On or about May 21, 2009, Defendant Federal Deposit Insurance Corporation ("Defendant FDIC"), a party that substituted Defendant IndyMac Bank, F.S.B., removed this action pursuant to 12 U.S.C. § 1819(b)(2)and 28 U.S.C. § 1441(b). (Docket Entry 1.) Presently pending before this Court is Defendant Invest Financial Corporation's ("Defendant IFC") and Defendant PHH Mortgage Corporation's ("Defendant PHH") (collectively, the "Defendants") motions to sever the claims against them respectively, and remand these claims to the Supreme Court of the State of New York, County of Nassau pursuant to Rule 21 and 28 U.S.C. § 1441(c). For the reasons set forth herein, these pending motions are DENIED.

5

## BACKGROUND

I.   Procedural Background

As noted above, Plaintiffs filed this action in the Supreme Court of the State of New York, County of Nassau, on or about November 21, 2006.  On May 21, 2009, Defendant FDIC filed a notice of removal in this Court removing this action based on 12 U.S.C. § 1819(b)(2)and 28 U.S.C. § 1441(b). (Docket entry 1.)

On June 3, 2009, Defendant PHH served and filed a motion to sever and remand based on Rule 21 and 28 U.S.C. § 1441(c). (Docket Entry 6.)  On June 17, 2009, Plaintiffs filed their memorandum in opposition to Defendant PHH's motion to sever and remand. (Docket Entry 11.)  On June 19, 2009, Defendant IFC filed its motion to sever and remand pursuant to Rule 21 and 28 U.S.C. § 1441(c).  (Docket Entries 13 and 15.)  On June 22, 2009, Defendant IFC filed a reply memorandum in further support of its' motion to sever and remand.  (Docket Entry 23.)  On July 6, 2009, Plaintiffs filed their memorandum in opposition to Defendant IFC's motion to remand and sever.  (Docket Entry 21.)

II.  Factual Background

Plaintiffs, who are retirees and elderly investors, allege in the Third Amended Complaint that Dawson and Defendants BMG Advisory Services, Ltd. ("BMG Advisory"), Brash Management Group, Ltd. ("BMG") and Ethan Thomas Co., Inc., ("Ethan Thomas")

6

engaged in a fraudulent "ponzi" scheme from 2003 through 2006, to misappropriate and/or convert the Plaintiffs' respective retirement savings, proceeds from surrendered annuities policies, and proceeds from their mortgage and home equity loans (collectively, the "funds"). (Compl. ¶¶ 60, 235.) Specifically, Plaintiffs allege the misappropriation and/or conversion of these funds could not have been accomplished without the assistance of the various Defendant broker-dealers, mortgage brokers, lenders, and insurance companies. (Compl. ¶¶ 51, 61.)

Since the late 1990's, Dawson has conducted business as a financial advisor through BMG Advisory, BMG and Ethan Thomas. (Compl. ¶ 47.) Dawson was also the sole owner of these respective companies. (Compl. ¶¶ 22-24.) Moreover, Dawson was employed by 21st Century Financial Services, Inc. ("21st Century"), and held his license pursuant to the National Association of Securities Dealers, Inc. ("NASD") through 21st Century. (Compl. ¶ 48.) Plaintiffs allege that Dawson advised them to surrender their life insurance and annuities policies (collectively, the "policies") so that he could invest the proceeds on their behalf. (Compl. ¶ 51.) Dawson, however, misappropriated and/or converted these policies by depositing the proceeds into his own name or that of BMG Advisory, BMG and/or Ethan Thomas (Id.) Plaintiffs further argue that 21st Century, as Dawson's employer, should be liable for Dawson's

7

misappropriation and/or conversion of these policies under the theory of respondent superior. (Compl. ¶¶ 88, 262-265). Likewise, the Plaintiffs allege that 21st Century breached certain supervisory and pre-hiring diligence duties regarding Dawson under certain NASD and Federal Securities laws. (Compl. ¶¶ 88, 262-265.) 21st Century, however, is no longer in business. (Compl. ¶ 92.) Plaintiffs contend that in or about October 2005, Defendant IFC acquired 21st Century and assumed its employees, assets, customer accounts and obligations. (Compl. ¶ 267.) As such, Plaintiffs argue that Defendant IFC is an "alter ego" or "successor in interest" to 21st Century, and thus is jointly and severally responsible for any liability of 21st Century. (Compl. ¶ 31.)

Plaintiffs also contend that from 2003 through 2006, Dawson further advised and arranged for the Plaintiffs to take out home equity and mortgage loans, even though their homes were paid in full and/or had no income to support such loans. (Compl. ¶¶ 52, 60.) After the Defendant lenders and mortgage companies approved and closed the loans, Dawson then diverted the loan and mortgage proceeds to himself and/or BMG Advisory, BMG and Ethan Thomas. (Compl. ¶ 60.) Plaintiffs specifically allege that Defendant PHH assisted Dawson in his fraudulent scheme by approving mortgage loans beyond what the Plaintiffs could pay based upon their income. (Compl. ¶¶ 60-61.) In particular, Plaintiffs contend that

8

Defendant PHH failed to conduct its own due diligence and adhere to "safe and sound" lending policies pursuant to certain banking regulations, despite apparent irregularities and "red flags" throughout the loan process. (Compl. ¶¶ 63-64, 71-72, 74.) Plaintiffs further allege that Defendant PHH is liable for Defendant mortgage company Custom Capital Corporation's ("Custom Capital") falsification of loan applications. (Compl. ¶¶ 69-70.) For instance, Dawson had a referral relationship with Custom Capital. (Compl. ¶¶ 62, 69.) Consequently, Custom Capital was involved in all of the mortgage loan closings issued by Defendant PHH. (Compl. ¶¶ 62, 69.) Plaintiffs allege that Custom Capital falsified the loan applications to reflect that Plaintiffs qualified for the loans. (Compl. ¶ 69.) In return for closing the mortgage loans and verifying that the Plaintiffs were qualified for the loans, Defendant PHH paid Custom Capital thousands of dollars in fees. (Compl. ¶ 70.) Plaintiffs argue that since lenders can only legally pay an appointed "agent" pursuant to § 3500.14(g)(iii) of the HUD Regulations pursuant to the § 2607 of the Real Estate Settlement Procedures Act Regulations, Defendant Custom Capital was an agent of Defendant PHH. (Compl. ¶ 70.) Therefore, the Plaintiffs contend that Defendant PHH is liable for the conduct of Defendant Custom Capital. (<u>Id</u>.)

Plaintiffs seek declaratory judgment declaring that their

loans and mortgages be void and unenforceable, and permanent injunction preventing any action to foreclose or collect on the loans issued by the lenders. Plaintiffs also seek punitive damages, attorney's fees, costs, and interest for the misappropriation and/or conversion of their funds, and general damages in the amount of their respective mortgage loans, interest paid on those loans, and associated closing fees.

DISCUSSION

I. Remand under 28 U.S.C. § 1441(c)

   A. Standard of Law

Section 1441 is the "general" federal jurisdiction removal statute. The original jurisdiction of federal district courts may be broken into two general categories: (1) diversity; and (2) federal question. See 28 U.S.C. § 1330 et seq. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Thus, if the "adjudication of any claim necessitates the application of the law of the Constitution, treaties or laws of the United States, the case raises a federal question." New York City School Construction Authority v. Bedell Associates, Inc., 97-CV-4159, 1997 U.S. Dist. LEXIS 15597, at *7 (E.D.N.Y September 12, 1997) (citing Box Tree S. v. Bitterman, 94-CV-6606, 873 F. Supp. 833, at * 837 (S.D.N.Y January 17, 2005)).

The FDIC, however, has specific statutory authority to remove cases to the federal district courts through 12 U.S.C. § 1819. Section 1819(b)(2) provides "for removal solely by virtue of the fact that the FDIC is a party," absent certain exceptions. Mizuna v. Crossland Federal Savings Bank, 95-CV-7242, 90 F.3d 650, 655 (2d Cir. N.Y. 1996); see First Hartford Partner II v. Federal Deposit Insurance Company, CV-93-0933, 1993 U.S. Dist. LEXIS 14651, at *4 (S.D.N.Y October 15, 1993) (explaining that the FDIC has authority to remove pursuant to 12 U.S.C. § 1819(b)(2) as long as certain exceptions under Section 1819(b)(2)(D) do not apply). Section 1819(b)(2), in pertinent part, provides that "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States." Consequently, the FDIC has the authority to "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." 12 U.S.C.S. § 1819(b)(2)(B).

Section 1441(c) "permits remand of 'all matters in which state law predominates.'" Nelson v. The City of Rochester, New York, 06-CV-6635L, 2007 U.S. Dist. LEXIS 47824, at *12 (W.D.N.Y July 2, 2007). Where Section 1441(c) applies, a district court may

11

only "remand 'separate and independent' state law claims, but not the federal claims." Id. (quoting Borough of West Mifflin v. Lancaster, 94-CV-3025, 45 F.3d 780, 787 (3d Cir. 1995). Specifically, Section 1441(c), in pertinent part, states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [28 USCS § 1331] is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, <u>or, in its discretion, may remand all matters in which State law predominates</u>." (emphasis added.)

B. Analysis

On April 24, 2009, the Supreme Court of the State of New York, County of Nassau, granted Defendant FDIC's order to substitute itself for Indymac as the real party in interest, pursuant to C.P.L.R. §§ 1021, 1016, 1017, and 1018, and Section 1821(d)(12)(A)(ii) of the Federal Deposit Insurance Act. (Notice of Removal ¶ 3). FDIC's notice of removal was filed on May 21, 2009, which was well within the 90-day limitations period. (Docket Entry 1.) Furthermore, no party in this action disputes Defendant FDIC's removal to this Court. Accordingly, Defendant FDIC's removal was proper under 12 U.S.C.S. § 1819(b)(2)(B).

The Defendants contend, however, that since any action

12

against the FDIC is "deemed to arise under the laws of the United States" under Section 1819, the Court has broad discretion under Section 1441(c) to "remand all matters in which State law predominates." Upon initial review, it is unclear whether the general remand provisions in 1441(c) apply to cases removed pursuant to Section 1819. Regardless, the Second Circuit has clearly stated that Congress enacted Section 1819 to "confer[] suitable procedural and substantive rights and powers on the FDIC – and 'deliberately sought to channel' the cases in which the FDIC would have or may wield those powers 'away from the state courts and into federal courts, thereby reducing the potential for a multiplicity of conflicting results among the courts of the 50 States.'" Mizuna v. Crossland Federal Savings Bank, 95-CV-7242, 90 F.3d 650,657 (2d Cir. 1996) (quoting Verlinden B.V. v. Central Bank of Nigeria, 81-CV-920, 461 U.S. 480, 497, 103 S. Ct. 1962, 76 L. Ed. 2d 81,(1983)). Indeed, the "policy behind deeming a federal question to exist in any case in which the FDIC is a party is obviously to create the most favorable litigation conditions for the FDIC even in cases which otherwise are entirely based on state law." DFJ Capital v. Ripps, 91-CV-4770, 1992 U.S. Dist. LEXIS 10202, at *11 (E.D.N.Y. June 30, 1992).

Here, since Defendant FDIC removed this case pursuant to 12 U.S.C. § 1819(b)(2)(B), this Court has original jurisdiction

13

over all the claims in this action and cannot remand the claims against the Defendants to state court. In fact, when the FDIC removes an action pursuant to Section 1819, "by the plain language of the statute", a district court has "federal question jurisdiction over all claims within the suit and, therefore, has a basis for subject matter jurisdiction over the claims even to the extent they involve parties other than the FDIC." DFJ Capital v. Ripps, 91-CV-4770, 1992 U.S. Dist. LEXIS 10202, at *9 (E.D.N.Y. June 30, 1992); see Tombers v. FDIC, 08-CV-5068, 2009 U.S. Dist. LEXIS 23210, at *4 (S.D.N.Y. March 3, 2009) ("[W]here the FDIC is a party – as in this case – there exists a basis for federal jurisdiction."). It follows then, that since Section 1819 confers original jurisdiction over all claims in this action, there is no issue of whether "state law predominates."

Our sister circuits concur that district courts do not have discretion under 1441(c) to remand claims in an action removed pursuant to Section 1819. See Adair v. Lease Partners, Inc., 08-CV-60674, 2009 U.S. App. LEXIS 23847, at *18 n.57 (5th Cir. October 28, 2009) ("Because we find original federal jurisdiction over all claims in the instant case pursuant to § 1819(b)(2), we do not address whether . . . the state fraud and negligence claims are 'separate and independent' so as to otherwise be subject to remand under 28 U.S.C. § 1441(c)."); Casey v. FDIC, 09-CV-1096, 583 F.3d

586, 592 (8th Cir. 2009) ("We question the applicability of § 1441(c) in this context since § 1819(b)(2)(B) provides jurisdiction over the state law claims."); Buchner v. Federal Deposit Ins. Corp., 92-CV-1319, 981 F.2d 816, 819 (5th Cir. 1993) ("As the FDIC is a party to the present suit, all of the component claims are conclusively deemed to have arisen under federal law. And, as § 1441(c) authorizes the federal district court to remand only those matters in which state law predominates, this discretionary remand provision is inapplicable to the instant action.").

Accordingly, Defendants' motions to sever and remand are DENIED.

## CONCLUSION

For the reasons set forth above, Defendant PHH's motion to sever and remand is DENIED, and Defendant IFC's motion to sever and remand is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 7, 2010
      Central Islip, New York