```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS HENNESEY, ET AL.,

                Plaintiff,          MEMORANDUM AND ORDER
                                    09-CV-2170 (JS)(ARL)
        -against-

PETER J. DAWSON, ET AL.,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:     Jacob H. Zamansky, Esq.
                    Kevin Dugald Galbraith, Esq.
                    Edward H. Glenn, Jr., Esq.
                    Zamansky & Associates LLC
                    50 Broadway, 32nd Floor
                    New York, NY 10004


For Defendants:

Peter J. Dawson,    Peter J. Tomao, Esq.
BMG Advisory        Law Office of Peter J. Tomao
Services, Ltd.,     226 Seventh Street, Suite 302
Brash Management    Garden City NY 11530
Group, Ltd., and
Ethan Thomas Co.
Inc.:

Gray Winslow:       Gray Winslow, pro se
                    315 West 74th Street, Apt. A
                    New York, NY 10023

21st Century        Ira F. Seplow, Esq.
Fin. Services,      181 Beach 116 Street
Inc., and           Rockaway Park, NY 11694
Charles Mazzioti:

Invest Financial    Barry R. Temkin, Esq.
Corp.:              Robert S. Goodman, Esq.
                    Mound Cotton Wollan & Greengrass
                    1 Battery Park Plaza
                    New York, NY 10004
```

| | |
|---|---|
| Granite Sec., LLC: | Clifford S. Robert, Esq.<br>Robert & Robert, LLP<br>150 Broadhollow Rd, #314<br>Melville, NY 11747 |
| PHH Mort. Corp.: | Candace Reid Gladsto, Esq.<br>Patrick McCormick, Esq.<br>Certilman, Balin, Adler & Hyman, LLP<br>90 Merrick Avenue<br>East Meadow, NY 11554 |
| First Nat. Bank<br>of Long Island: | Arthur C. Schupbach, Esq.<br>Schupbach, Williams & Pavone, LLP<br>1010 Franklin Ave, Suite 300<br>Garden City, NY 11530 |
| Countrywide Home<br>Loans, Inc., and<br>Homecomings<br>Financial, LLC: | Steven S. Rand, Esq.<br>Anna Sydney Park, Esq.<br>Zeichner Ellman & Krause, LLP<br>575 Lexington Avenue<br>New York, NY 10022 |
| Washington Mutual,<br>Inc.: | Douglas J. Bohn, Esq.<br>Cullen and Dykman, LLP<br>100 Quentin Roosevelt Blvd.<br>Garden City, NY 11530 |
| Custom Cap. Corp.: | Scott E. Kossove, Esq.<br>L'Abbate, Balkan, Colavita & Contin<br>1001 Franklin Avenue<br>Garden City, NY 11530 |
| American Skandia<br>Life Assurance Co.: | Patrick Collins, Esq.<br>Farrell Fritz, P.C.<br>1320 Reckson Plaza<br>Uniondale, NY 11556 |
| First Allmerica<br>Financial Life<br>Insurance Company: | Matthew B. West, Esq.<br>Wollmuth Maher & Deutsch LLP<br>500 5th Avenue, 12th Floor<br>New York, NY 10110 |
| Other Defendants: | No appearances. |

| For Interested Party Greenpoint Mortgage Funding Corp.: | Scott B. Fischer, Esq. Jaspan Schlesinger LLP 300 Garden City Plaza Garden City, NY 11530 |
|---|---|

SEYBERT, District Judge:

For the following reasons, the Court hereby <u>sua sponte</u> dismisses the Third Amended Complaint's Second Cause of Action and remands the balance of this litigation to the New York Supreme Court, County of Nassau.

BACKGROUND

This is a complex mortgage fraud case, which Plaintiffs originally brought in New York Supreme Court, County of Nassau, on November 21, 2006. On May 21, 2009, the Federal Deposit Insurance Corporation ("FDIC") removed this action to the E.D.N.Y., under the special removal authority that 12 U.S.C. § 1819 grants it. On August 2, 2010, the Court so-ordered a stipulation voluntarily dismissing, with prejudice, all claims against the FDIC. The Court then asked for the parties' respective positions "as to whether the Court can, and should, retain jurisdiction over this matter," in light of the FDIC's exit. In response to the Court's inquiry, Plaintiffs asked the Court to retain jurisdiction. Defendant Invest Financial Corporation asked the Court to remand this matter to state court. Defendant PHH Mortgage Corporation indicated a slight preference for a federal forum, but asked the Court to remand

the case "in the posture in which it came to the Court," "if the Court determines that remand is in the best interest of the parties." And GreenPoint Mortgage Funding, Inc., a defendant in a related state court proceeding, wrote in support of a state forum for the case against it. The remaining Defendants did not respond to the Court's inquiry.

DISCUSSION

I. Federal Question Jurisdiction

As an initial matter, Plaintiffs contend that the Court need not reach the issues posed by the FDIC's dismissal, because the Third Amended Complaint ("TAC") asserts federal question jurisdiction. Specifically, Plaintiffs note that the TAC's Second Cause of Action asserts a claim under the Investment Advisors Act of 1940, 15 U.S.C. § 80b-1, et seq. (Docket No. 100 at 2). But this argument fails, because the Court must dismiss the Second Cause of Action sua sponte.

The Investment Advisors Act does not contain a private right of action for damages. See Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis, 444 U.S. 11, 19-21, 100 S. Ct. 242, 62 L. Ed. 2d 146 (1979). Rather, the Act's private right of action is limited to claims seeking rescission of a contract. Id. at 18-19. Here, the Second Cause of Action does not seek rescission. (TAC ¶ 237-241). Instead, it impermissibly seeks compensatory and punitive damages based on certain defendants alleged

4

misappropriation or conversion of customer funds, and/or these defendants failing to adhere to their professional obligations. (TAC ¶ 239-241). Thus, the Second Cause of Action fails to state an actionable Investment Advisors Act claim. See Transamerica Mortg. Advisors, Inc., 444 U.S. at 19-21; In re Bayou Hedge Fund Litigation, 534 F. Supp. 2d 405, 420 (S.D.N.Y. 2007) (no private right of action under statute for fiduciary duty breaches).

Plaintiffs further argue that federal question jurisdiction exists because the Second Cause of Action also asserts "securities fraud." (Docket No. 100 at 2). And, sure enough, the Second Cause of Action does allege, in rather conclusory fashion, that certain defendants committed "securities fraud." (TAC ¶ 239). But the Second Cause of Action neither identifies a particular securities fraud statute nor clarifies whether it seeks relief under federal or state law. Such vague pleading does not comply with Fed. R. Civ. P. 8's requirement that a complaint contain "short and plain statement of the grounds for the court's jurisdiction," much less comply with the heightened pleading standard that Fed R. Civ. P. 9(b) imposes in securities fraud cases. It follows then that the Court must sua sponte dismiss the Second Cause of Action.

I.  <u>12 U.S.C. § 1819 Jurisdiction</u>

With only state law claims remaining and the FDIC no longer a party, the question thus turns to whether the Court can, and should, continue to exercise jurisdiction over this matter. In <u>Mizuna, Ltd. v. Crossland Fed. Sav. Bank</u>, 90 F.3d 650, 657 (2d Cir. 1996), the Second Circuit addressed this very situation. In <u>Mizuna</u>, like here, the FDIC removed a state law case under § 1819, and the plaintiffs then dismissed the claims against the FDIC. The defendants then sought to remand the remaining claims to state court. The Second Circuit found that, with the FDIC no longer a party, the district court "had the power under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims," but "also had the discretion to remand the case to state court." <u>Id.</u> The Second Circuit then found that the district court properly exercised its discretion by retaining jurisdiction. <u>Id.</u>

Here, applying <u>Mizuna</u>, the proper exercise of the Court's discretion demands remand. The Court has not yet had a full opportunity to delve into this litigation's facts, or begin work on the pending dispositive motions. The Court did, however, have a recent opportunity to confer with Justice F. Dana Winslow on this matter. Justice Winslow handled this action when it was pending in the New York Supreme Court, County of Nassau, and would presumably handle in again if remanded. In

the meantime, he has continued to oversee a related case, Frawley v. Dawson, Index No. 2007-006697 (N.Y. Sup. Ct., Nass. Co.). During the Court's conversation with him, Justice Winslow displayed a remarkable command of the relevant facts. Indeed, Justice Winslow's knowledge base significantly exceeded the Court's. In addition, Justice Winslow indicated that his docket would likely allow him to decide the pending dispositive motions long before the Court can get to them. And, because he is still handling the Frawley matter, the Court and Justice Winslow agreed that remand would significantly promote both judicial efficiency and overall fairness to the parties. Conversely, keeping this action here would only lead to unnecessary delays, and rulings by a jurist significantly less familiar with the underlying facts. So, whereas the Court in Mizuna properly exercised its discretion in retaining jurisdiction, this action cries out for remand.[1]

## CONCLUSION

The Second Cause of Action is sua sponte dismissed. The remainder of this case is sua sponte remanded to the New

---

[1] Defendant PHH Mortgage Corporation argues that "retention of jurisdiction may well be in the interests of the parties" given "the significant time and expense" they incurred converting state law motions to dismiss into federal summary judgment motions. (Docket No. 102 at 2). The Court disagrees. Though regrettable, the expenses the parties incurred to comply with federal practice are a classic example of sunk costs. Those funds have been spent regardless of whether the Court or Justice Winslow decides the pending motions.

7

York Supreme Court, County of Nassau.  The Clerk of the Court is directed to terminate all pending motions and mark this matter as closed.

SO ORDERED.

_____/s/_____
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         August 17, 2010